**ALLACCESS LAW GROUP**
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
19 North Second Street, Ste 205
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for DAVID B. KETROSER, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. KETROSER,<br>          Plaintiff,<br><br>vs.<br><br>SAFEWAY INC., a Delaware corporation, dba Safeway #1502; ESSENAR INVESTMENTS OF AUBURN, a California limited partnership; and DOES 1-10, Inclusive,<br>          Defendants. | Case No. 19-3706<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, RESTITUTION, AND DAMAGES.**<br><br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, RESTITUTION, AND DAMAGES

1

## I. INTRODUCTION

1. Plaintiff DAVID B. KETROSER ("Plaintiff") brings this civil rights action against SAFEWAY INC., a Delaware corporation, dba Safeway #1502; ESSENAR INVESTMENTS OF AUBURN, a California limited partnership; and DOES 1-10, Inclusive, (collectively, "Defendants"), for failing to make the grocery store known as Safeway and the shopping center and their adjacent facilities, including, but not limited to, parking areas and paths of travel, located at or around 1701 Santa Rita Rd Pleasanton, CA 94566 (collectively, "Safeway"), accessible to individuals who require the use of a wheelchair for mobility, in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181-12189 and related California statutes. Plaintiff seeks declaratory and injunctive relief requiring Defendants to remove architectural barriers at the Safeway, statutory damages, general damages, restitution, and attorneys' fees, costs, and litigation expenses.

## II. JURISDICTION AND VENUE

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, for ADA claims.

3. This court has supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts, predicated on 28 U.S.C. § 1367.

4. Plaintiff's claims are authorized by 28 U.S.C. §§2201 and 2202 and 42 U.S.C. § 12188.

5. All of Defendants' actions complained of herein have taken place within the jurisdiction of the United States District Court for the Northern District of California. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## III. INTRADISTRICT ASSIGNMENT

6. This case should be assigned to the San Francisco/Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## IV. PARTIES

7. Plaintiff DAVID B. KETROSER is and at all times relevant herein was, a qualified individual with a physical "disability" as defined under Department of Justice regulation 28

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, RESTITUTION, AND DAMAGES

C.F.R. §36.104 and California Government Code § 12926. Plaintiff has been afflicted with Multiple Sclerosis since 1973. Plaintiff is unable to independently stand or walk, and requires the use of a wheelchair at all times for mobility. Plaintiff is unable, due to his physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require a wheelchair for mobility. Plaintiff possesses a disabled parking placard issued by the State of Minnesota. Plaintiff is a resident of Minneapolis, Minnesota and visits family in East Bay, California frequently.

8.     Defendants SAFEWAY INC., a Delaware corporation, dba Safeway #1502; ESSENAR INVESTMENTS OF AUBURN, a California limited partnership; and DOES 1-10, Inclusive, are the owners, operators, managers, trustors, lessors and/or lessees of Safeway.

9.     Safeway is a public accommodation as defined under Title III of the ADA, 42 U.S.C.A. § 12181(7)€, and California civil rights laws. Civ. Code, § 51 *et seq.*, and Health & Safety Code § 19955 *et seq*. Safeway is open to the public, intended for nonresidential use and its operation affects commerce.

10.    Does 1 through 10 are sued under their fictitious names because Plaintiff is unaware of their true identities. Leave to amend will be sought when their true identities are learned. Plaintiff alleges on information and belief that Does 1 through 10 are legally responsible for the wrongdoing alleged herein.

## V. FACTS

11.    Plaintiff visited Safeway on October 28, 2018 and February 14, 2019. During both visits, Plaintiff was denied full and equal access to Safeway because Safeway was not, and currently is not, compliant with state and federal accessibility standards. Plaintiff needed to use the customer bathroom but was unable to do so without experiencing difficulties, discomfort and/or embarrassment. Namely, the toilet flush valve was improperly positioned making it difficult for Plaintiff to utilize. Moreover, there was no handle inside of the stall that would allow Plaintiff to close the stall door with ease. Lastly, the centerline of the toilet was too far away from the sidewall.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, RESTITUTION, AND DAMAGES

3

12. On or about November 4, 2018 Plaintiff wrote a letter to Defendant SAFEWAY INC.'s agent(s)/employee(s) in which he described the difficulties he had accessing Safeway. Despite being put on actual notice of the accessibility problems, Safeway continues to be operated in violation of state and federal accessibility standards.

13. On or about June 13, 2019 Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of Safeway's premises. While he could not make detailed measurements, he identified the following accessibility barriers:

- ADA parking has no signage
- Path of travel from sidewalk is blocked by Noah's bagel tables
- Transition in path from parking to Safeway curb ramp is not smooth (at red bricks)
- Red bricks path to parking has an edge drop
- Path of travel by frontage of Safeway after curb ramp landing (by red bricks) is blocked by tables, flared side of curb ramp is over 8.33% and can't be considered a path.
- No directional signage inside to bathrooms
- Bathroom door heavy
- Bathroom door fast closing
- Urinal does not provide clear space in front of it
- Stall door is not self-closing and does not provide a handle to pull it closed
- Toilet paper dispenser is out of reach
- Seat cover dispenser is high
- Seat cover dispenser is blocked by WC
- No 48" clearance in front of WC
- Soap dispenser is above reach range
- Water fountain does not have clear space in front of it due to stored items
- Water fountain does not have clear knee space under it
- Second ADA bathroom was closed and on information the center line of toilet is more than 18"

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, RESTITUTION, AND DAMAGES
4

14. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under <u>Doran v. 7-Eleven, Inc.</u> (9th Cir. 2008) 524 F.3d 1034, <u>Chapman v. Pier 1 Imports (U.S.) Inc.</u> (9th Cir. 2011) 631 F.3d 939, and the General Order 56 requirements for Northern District of California "ADA" Title III cases. Safeway must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff could and would return to Safeway if and when it is made accessible to him. Plaintiff is deterred from returning to Safeway because of the aforementioned accessibility problems.

15. To date, Defendants have refused to make Safeway, including the restroom facilities, accessible to Plaintiff or bring them into compliance with ADA Architectural Guidelines ("ADAAG"). Defendants knew that these areas were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from Safeway's premises (without much difficulty or expense), and make the facility accessible to wheelchair users. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

16. Plaintiff further alleges that the continued presence of barriers at Safeway is so obvious as to establish Defendants' discriminatory intent. On information and belief, Plaintiff avers that evidence of the discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for Safeway and its facilities; conscientious decision to the architectural layout as it currently exists at Safeway; and decision not to make Safeway accessible despite being notified by Plaintiff of his difficulties accessing Safeway. Plaintiff further alleges, on information and belief, that Defendants are not in the midst of a remodel, and that the barriers present at Safeway are not isolated or temporary interruptions in access due to maintenance or repairs.

## VI. FIRST CAUSE OF ACTION

**Americans with Disabilities Act of 1990 - Title III USC §12101 *et seq.***

**(Against all Defendants and each of them)**

17. Plaintiff incorporates the allegations contained in paragraph 1 through 16 of this complaint for this claim.

18. Title III of the ADA holds as a 'general rule' that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182 (a).

19. Defendants discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations provided by Safeway.

20. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12] 82 (b) (2) (A) (iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense" 42 U.S.C.A. § 12182(9).

21. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers without much difficulty and expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so. In that regard, Defendants could have but did not avail themselves of the tax deduction and tax credits provided by Internal Revenue Code §44 and §190, which apply to the costs of barrier removal.

22. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C.A. § 12182(b) (2) (A) (ii).

23. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at Safeway, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these good, services, facilities, or accommodations.

24. Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205. Plaintiff also seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to

pursue damages under California's Unruh Civil Rights Act and Disabled Persons Act.

## VII. SECOND CAUSE OF ACTION

**Health & Saf. Code, § 19955** *et seq.*

**(Against all Defendants and each of them)**

25. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 24 of this Complaint, and incorporates them herein as if separately repled.

26. Health & Saf. Code, § 19955 *et seq.* was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined as any "building, structure, facility, complex, or improved area that is used by the general public...," and includes restaurants and related sanitary facilities, shopping centers and related sanitary facilities, and curbs and sidewalks intended for public use. Health & Saf. Code, § 19955.

27. Plaintiff alleges that Safeway underwent construction and/or alterations after January 1, 1982 that triggered access requirements under Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such that SAFEWAY and its related facilities, undergo an "alteration, structural repair or addition."

28. Since a violation of state or federal law, including California Health and Safety Code, is also a violation of the Bus. & Prof. Code, § 17200, pursuant to the remedies, procedures, and rights set forth in Bus. & Prof. Code, § 17200, Plaintiff prays for judgment as set forth below.[1]

## VIII. THIRD CAUSE OF ACTION- CALIFORNIA BUSINESS AND PROFESSIONS CODE (UNFAIR, UNLAWFUL, DECEPTIVE BUSINESS PRACTICES and FALSE ADVERTISING)

**Bus. & Prof. Code, §§ 17200, 17500** *et seq.*

**(Against all Defendants and each of them)**

---

[1] Note: Plaintiff is not seeking any remedies under the Health & Safety Code, § 19953.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, RESTITUTION, AND DAMAGES

7

29. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 28 of this Complaint, and incorporates them herein as if separately repled.

30. Defendants engage in business practices, offer their goods and services for sale, and advertise their business within the jurisdiction of the state of California. As such, Defendants, and each of them, have a duty to comply with the provisions of the Unfair Business Practices Act set forth in § 17200, *et seq.*, of the Business and Professions Code.

31. The Unfair Business Practices Act prohibits, inter alia, unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

32. The conduct previously alleged violated the Unfair Business Practices Act, including § 17200 of the Business & Professions Code, in that Defendants have represented that their goods and services are available to all members of the general public, when in fact, Defendants deny full and equal access to their goods and services to disabled individuals with mobility limitations by reason of Defendants' failure to comply with their legal obligations under the Unruh Act, Disabled Persons Act, Health and Safety Code and the American's with Disabilities Act as alleged herein.

33. Plaintiff also alleges that since Defendants engage in business practices, offer their goods and services for sale, and advertise their goods and services within the jurisdiction of the state of California, Defendants have a duty to comply with the provisions of the False Advertising Practices Act set forth in §§ 17500, *et seq.*, of the Business and Professions Code.

34. The False Advertising Practices Act prohibits, inter alia, disseminating, making, or causing to be made, any statement concerning goods and services which is known, or with the exercise of reasonable care should be known, to be untrue or misleading, by any corporation or employee thereof.

35. The previously alleged conduct of Defendants violates the False Advertising Act, including § 17500 of the Business and Professions Code, in that said Defendants have represented that their goods and services are available to all members of the general public,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, RESTITUTION, AND DAMAGES
8

1. when, in fact, said Defendants deny full and equal access to such goods and services to disabled individuals with mobility limitations by reason of Defendants' failure to comply with their legal obligations under the Unruh Act, Disabled Persons Act, Health and Safety Code and the Americans with Disabilities Act.

36. Plaintiff seeks injunctive relief and restitution to restore to him any money that Defendants obtained by means of such unfair competition, including profits unfairly obtained to the extent that these profits represent monies give to the Defendants by Plaintiff.

## IX. FOURTH CAUSE OF ACTION- CALIFORNIA DISABLED PERSONS ACT
### Civ. Code, § 54 *et seq.*
**(Against all Defendants and each of them)**

37. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 36 of this Complaint, and incorporates them herein as if separately repled.

38. Civ. Code, § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

39. Civ. Code, § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

40. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civ. Code, §§ 54(c), 54.1(d).

41. Here, Defendants discriminated against wheelchair users, including Plaintiff, by denying them full and equal access to SAFEWAY. Defendants also violated Plaintiff's rights under the ADA, and, therefore, infringed upon or violated (or both) Plaintiff's rights under the Disabled Persons Act.

42. For each offense of the Disabled Persons Act, Plaintiff seeks actual damages' (both general and special damages), and not less than the statutory minimum damages of one thousand

dollars ($1,000) for each offense, declaratory relief, and any other remedy available under Civ. Code, § 54.3. Plaintiff also seeks to recover reasonable attorneys' fees incurred, under Civ. Code, § 54.3.

## X. FIFTH CAUSE OF ACTION- CALIFORNIA UNRUH CIVIL RIGHTS ACT
### Civ. Code, § 51 *et seq.*
### (Against all Defendants and each of them)

43. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 42 of this Complaint, and incorporates them herein as if separately repled.

44. Civ. Code, § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

45. Civ. Code, § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

46. Civ. Code, § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

47. Defendants' aforementioned acts and omissions denied the physically disabled public, including Plaintiff, full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of his physical disability).

48. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

49. Plaintiff was damaged by Defendants' wrongful conduct, and seeks actual damages but not less than the statutory minimum damages of four thousand dollars ($4,000) for each offense.

50. Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under Civ. Code, § 52(a).

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. For Injunctive Relief, compelling Defendants to comply with Americans with Disabilities Act and the Unruh Civil Rights Act and California Business & Professions §§17200 et seq., 17500 et seq. by removing accessibility barriers and then *maintaining* the subject property in a compliant state and appropriate changes in policy. Note: Plaintiff is not invoking § 55 of California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. A declaration that Defendants have violated the Americans with Disabilities Act.

3. That this Court award general, compensatory, and statutory damages pursuant to the Unruh Act or, in the alternative, the Disabled Persons Act, in an amount within the jurisdiction of this court, and that these damages be trebled according to statute.

4. Restitution pursuant §§ 17203, 17535 of the Business and Professions Code to restore to him any money that Defendants obtained by means of such unfair competition, including profits unfairly obtained to the extent that these profits represent monies give to the Defendants by Plaintiff;

5. That this Court award special and consequential damages according to proof;

6. That this Court award attorneys' fees, litigation expenses and costs of suit, pursuant to Title III of the ADA, 42 U.S.C.A. § 12205; Civil Code §§ 52, 54.3; and Code Civil Procedure§ 1021.5; and

7. Such other and further relief as the Court may deem just and proper.

Dated: June 26, 2019     */s/ Irakli Karbelashvili*
                          Irakli Karbelashvili, Attorney for Plaintiff
                          DAVID KETROSER

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: June 26, 2019     */s/ Irakli Karbelashvili*
                          Irakli Karbelashvili, Attorney for Plaintiff
                          DAVID KETROSER